**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

STEPHANIE ARLENE MILLS                                                                                PLAINTIFF

v.                                                       No. 4:10CV01996 JLH

VALLEY RANCH NURSING & REHAB                                                           DEFENDANT

**OPINION AND ORDER**

Stephanie Arlene Mills has filed a *pro se* complaint under Title VII of the Civil Rights Act of 1964, alleging that she was discharged from her employment by the Valley Ranch Nursing & Rehab Center because of her race. Valley Ranch Nursing & Rehab Center has filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the complaint fails to state a claim upon which relief may be granted.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In reviewing the complaint, the Court must "accept as true all of the factual allegations contained in the complaint." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). All reasonable inferences from the complaint must be drawn in favor of the plaintiff. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Nevertheless, the complaint must include facts sufficient to show that the plaintiff is entitled to relief. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

550 U.S. at 555, 127 S. Ct. at 1964 (internal citations omitted). Stated differently, the plaintiff must "raise a right to relief upon a speculative level." *Schaaf*, 517 F.3d at 549. Where the facts presented in the complaint do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868, 884 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). A *pro se* complaint is to be liberally construed, and no matter how inartfully pleaded, must be held to less stringent standards than a complaint drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)).

Mills's complaint alleges that on October 17, 2010, four white co-workers reported allegations that Mills had verbally abused a resident. One of the white co-workers had cursed Mills a couple of weeks before the incident on October 17, 2010. Mills had reported the incident to the assistant director of nursing, but nothing was done. In addition to the allegations included in the complaint, she has attached her EEOC charge of discrimination, which states as follows:

> I was hired on Feb. 19, 2010, as a Certified Nursing Assistant. In Oct. 2010, I reported a white coworker for cursing at me. On Oct. 25, 2010, I was given a counseling document. On Oct. 28, 2010, I was told not to return to work until I am contacted to return to work.
>
> The Director of Nursing said I was given the counseling document and not allowed to return to work because of allegations of verbal abuse of a Resident.
>
> I believe I was disciplined and placed on suspension because of my race, black, and in retaliation for reporting I was cursed by a white coworker in violation of Title VII of the Civil Rights Act of 1964, as amended.

The elements of a claim of racial discrimination are: (1) the plaintiff was a member of a protected class; (2) she was meeting the employer's legitimate job expectations; (3) she suffered an

adverse employment action; and (4) there are facts that give rise to an inference of unlawful discrimination. *Wells v. SCI Mgmt., L.P.*, 469 F.3d 697, 700 (8th Cir. 2006); *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 934 (8th Cir. 2006).

Viewing Mills's complaint under the liberal standard that is required for *pro se* pleadings, it still fails to state the grounds upon which relief may be granted for racial discrimination. Mills alleges nothing that would give rise to an inference that the director of nursing terminated her employment because of her race. Mills alleges that co-workers reported allegations that she verbally abused a resident, and she says that the director of nursing said that her suspension was due to those allegations. Nothing in the complaint or the EEOC charge alleges a basis for believing that the adverse employment action was racially motivated. Therefore, the complaint fails to state a claim for racial discrimination .

To establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in protected conduct; (2) a reasonable employee would have found the challenged action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct. *Carrington v. City of Des Moines*, 481 F.3d 1046, 1050 (8th Cir. 2007). Valley Ranch Nursing & Rehab Center argues that Mills has alleged nothing to show that her complaining about the white co-worker cursing her was protected activity. A complaint about cursing is not protected activity unless the complaint makes a reference to race. *Smith v. International Paper Co.*, 523 F.3d 845, 849 (8th Cir. 2008). Viewing Mills's complaint under the liberal standard that governs *pro se* pleadings, the allegation that Mills complained that she was cursed by a "white co-worker" is sufficient.

The defendant's motion to dismiss is granted in part and denied in part. Document #10. Mills's claim of racial discrimination is dismissed without prejudice. Her claim of retaliation is not dismissed.

IT IS SO ORDERED this 14th day of January, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE